THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. JAMES BELTON, DEFENDANT-APPELLANT.

Argued January 9, 1967—Decided January 25, 1967.

434

*Mr. Lawrence Weintraub* argued the cause for appellant.

*Mr. Guy W. Calissi,* Bergen County Prosecutor, argued the cause for respondent (*Mr. Harold N. Springstead,* Assistant Prosecutor).

The opinion of the court was delivered

PER CURIAM. Defendant Belton moved for leave to appeal from an order denying his motion for acceptance of a plea of *non vult* to an indictment for murder. The motion was argued orally upon our direction.

Defendant is charged with slaying a police officer during a hold-up. A murder of that kind is murder in the first degree, *N. J. S.* 2A:113–2, and carries the death penalty unless the jury recommends life imprisonment. *N. J. S.* 2A:113–4. Our statute, *N. J. S.* 2A:113–3 provides:

"In no case shall the plea of guilty be received upon any indictment for murder, and if, upon arraignment, such plea is offered, it shall be disregarded, and the plea of not guilty entered, and a jury, duly impaneled, shall try the case.

> Nothing herein contained shall prevent the accused from pleading non vult or nolo contendere to the indictment; the sentence to be imposed, if such plea be accepted, shall be either imprisonment for life or the same as that imposed upon a conviction of murder in the second degree."

Our rule of Court, *R. R.* 3:5–2(a), permits only a plea of guilty or not guilty except with respect to an indictment for murder, as to which, in harmony with the statute just quoted, a plea of *non vult* or *nolo contendere* is recognized but may be refused by the court "in its discretion."

Thus the plea of *non vult* remains only as to murder, and unlike the ordinary situation in which the acceptance of that plea had no bearing at all upon the severity of the punishment which might be imposed, here, under our statute, the acceptance of the plea prevents the imposition of the death sentence. Defendant's purpose in offering the plea is precisely to avoid a determination by a jury as to what punishment is merited by his alleged offense.

Defendant contends (1) the ruling upon an offer of the plea of *non vult* involves the exercise of discretion, and (2) a defendant is entitled to be heard with respect to it. There can be no doubt upon either proposition. Rather the question is whether defendant was entitled to the type of hearing he sought, and we agree with the trial court that he was not.

Defendant's notice of motion was for leave to retract his plea of not guilty, for acceptance of a plea of *non vult,* and "To fix a date for a Hearing at which time the defendant, James Belton, intends to produce medical and lay testimony in connection with the request to this Court to accept his plea of non vult." There was no statement of the facts which defendant intended to prove. Rather defendant conceived that he was entitled to a trial date at which time he could try in plenary fashion the question whether the plea should be accepted. That course would be inappropriate and is not required by due process. A defendant must support such a motion with a detailed factual showing, as upon

any other motion, so that the trial court may see whether the claim is sufficient on its face. If in the court's judgment the facts, if accepted as true, would not warrant the acceptance of the plea, the court can rule at once, while if facts which are or might be pivotal are better dealt with on an oral examination, the court may direct the production of witnesses. But we see no warrant for a right in every case to a trial-type hearing which might run the gamut of the final trial itself.

Here, upon the argument of the motion before the trial court, counsel for defendant described the proof he had in mind this way:

> "Now, I intend to submit, if a hearing is granted, your Honor, psychiatric testimony which admittedly falls short of constituting a basis for an acquittal under the 'McNaughton Rule' since the psychiatrist that examined the defendant, said psychiatrist being appointed by the State, has informed me orally and I received a written report from the psychologist in Texas that in no possible way is this defendant McNaughton sick, to use a colloquialism. Certainly he has severe mental problems which have caused or contributed to the happening of this matter which, if offered as testimony in the actual trial itself, could form a basis for a jury recommending life imprisonment, and I submit to the Court that such testimony is properly admissible in a hearing for purposes of this Court's determination of whether a plea of non vult should be accepted or not."

Counsel added that what he wanted to show would bear solely upon the "question of sentence and that is whether it is life or death and that is precisely the issue that your Honor would be called upon to decide if your Honor agreed to hold a hearing for acceptance or rejection of the *non vult* plea."

The trial judge held he was not obligated "to conduct a full-scale hearing such as is suggested in this matter," and concluded, as we read his oral opinion, that the facts of the homicide itself were such that in his judgment a jury, if the murder is found to be in the first degree, should decide the issue of punishment and, in that connection, pass upon

the weight to be given the psychiatric explanation of the homicidal event advanced by the defense.

■■ We see no reason to review the trial court's exercise of discretion on the record made before it. Defendant was not entitled to a trial-type hearing in the absence of a showing that a hearing of that kind was necessary for an informed exercise of that discretion. The motion for leave to appeal is therefore denied, but since the application was novel in its procedural aspects, there is reserved to defendant an opportunity to renew his motion before the trial court forthwith, supported by the detailed evidentiary facts upon which relief is sought, so that the trial court may see at once whether there is room for a favorable decision. That course may bring before the trial court nothing more than it was told informally or understood from counsel's description of the proposed proof which we quoted above. Nonetheless, defendant may wish to make the record complete.

■ We stress that there is no precise formula for the exercise of a trial court's discretion upon the offer of the *non vull* plea. The trial court is not to decide guilt, nor whether, if it were the jury, it would recommend life imprisonment. Rather the question is whether the public interest would be better served by rejecting the plea and sending the case to a jury. In dealing with that issue, the trial court may consider any matter bearing upon culpability or upon punishment, and the judge may, if he sees a need, take testimony upon disputed facts he thinks may be critical, but he need not do so if he believes the facts in dispute are of such significance or dimension that upon the State's claim with respect to them the case ought be left to a jury, for the statute does not contemplate that the trial court shall decide the case in order to decide whether to accept the plea. Hence, if the trial court believes the plea should be refused upon the State's description of the criminal event notwithstanding the considerations advanced by the defendant, the court may refuse the plea, and may do so without trying out the truth of the State's version. And so also,

if the State disputes the truth of a claim advanced with respect to the issue of punishment, as for example insanity other than legal insanity, the trial court need not try out that claim but rather may decide that the claim, and its impact upon punishment, should be left with a jury even though, if the defense version were undisputed, the court would be inclined to accept the plea.

 For completeness, we add some observations. Although of course the prosecutor is entitled to be heard on the motion and to resist it vigorously, the trial court said correctly that the acceptance of the plea does not depend upon the prosecutor's consent. On the other hand, if the prosecutor consents to the acceptance of the plea, the trial court may find the prosecutor's evaluation to be a persuasive circumstance. And what we have said should not be understood to bar informal discussions by counsel for a defendant and the State with the trial court concerning the possibility of a plea of *non vult*. Overall, it would disadvantage defendants to bar such efforts on their behalf, but if a defendant wants to claim error in the refusal of his plea, he must follow the procedure described above. If a defendant does press his motion, the trial court, as was done in this case, may hear the application *in camera* if it believes a defendant's interest would be served thereby, unless the defendant, advised that the court so intends, objects to that protective measure and asks that the hearing be public. If the hearing is *in camera*, the transcript of the record should be open to public inspection after the plea is accepted or after trial if the plea is rejected.

Leave to appeal denied with the reservations noted above.